IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JESSE CASTANEDA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-0362 |
| | § | |
| MAMMOET USA, INC., | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Leave to Designate Infinity Construction Services, LP as a Responsible Third Party ("Motion") [Doc. # 25] filed by Defendant Mammoet USA, Inc. ("Mammoet"). Plaintiff Jesse Castaneda filed a Response [Doc. # 26] opposing Defendant's Motion, and Defendant filed a Reply [Doc. # 27]. Having reviewed the full record in this case and having applied relevant, persuasive legal authorities, the Court **grants** Defendant's Motion.

Plaintiff was injured in the course of his employment with Infinity Construction Services, LP ("Infinity") while working at a chemical facility. Plaintiff alleges that the crane operator, an employee of Mammoet, failed to control the load on the crane. Plaintiff alleges that, as a result of the crane operator's negligence, the load fell on Plaintiff, breaking his hip. Plaintiff sued Mammoet, and Mammoet has moved for

leave to designate Infinity as a responsible third party pursuant to § 33.004 of the Texas Civil Practice and Remedies Code.

In pertinent part, § 33.004, provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Under § 33.011(6) of the Texas Practice & Remedies Code, a "responsible third party" "means [in pertinent part] any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." *See Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702-03 (S.D. Tex. 2006); *Muniz v. Stanley*, 2007 WL 1100466 (S.D. Tex. Apr. 11, 2007); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007). If a person is held to be a responsible third party, then § 33.003 of the Texas Civil Practice & Remedies Code provides that the person is to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages. Thus, designation of a responsible third party could affect the amount of a plaintiff's recovery because a defendant "is liable to a claimant only for the percentage of damages found by the trier of fact equal to that

defendant's percentage of responsibility with respect to the . . . harm for which the damages are allowed." TEX. CIV. PRAC. & REM. CODE § 33.013(a).

Plaintiff opposes Defendant's Motion, arguing that Rule 14 of the Federal Rules of Civil Procedure is in conflict with § 33.004 and, therefore, the Texas procedural rule does not apply. Each of the cases cited by Plaintiff in support of this argument, however, was decided based on the prior version of § 33.004. Courts in this federal district have concluded that the current version of § 33.004, which provides for identifying a potentially responsible third party without imposing liability on that party, does not conflict with the joinder provisions of Rule 14. *See, e.g., Muniz*, 2007 WL 1100466, *2 (and cases cited therein).

Defendant has alleged in the motion that Infinity bears potential liability for Plaintiff's injuries because it failed to train Plaintiff properly and because at least one other Infinity employee improperly attached material to a crane on the day Plaintiff was injured. These allegations are adequate at this point to provide factual support for Infinity's alleged responsibility.

Based on the foregoing, the Court concludes that § 33.004 applies and that Defendant has alleged sufficient facts concerning Infinity's alleged responsibility for Plaintiff's injuries. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Leave to Designate Responsible Third Party [Doc. # 25] is **GRANTED** and Defendant is granted leave to designate Infinity Construction Services, LP as a responsible third party pursuant to § 33.004 of the Texas Civil Practice and Remedies Code.

SIGNED at Houston, Texas, this **1st** day of **April, 2008**.

_____
Nancy F. Atlas
United States District Judge