IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JESSE CASTANEDA,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. G-07-0362 |
| MAMMOET USA, INC.,<br>　　Defendant. | §<br>§<br>§<br>§ | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Strike Demand for Jury Trial ("Motion") [Doc. # 31] filed by Defendant Mammoet USA, Inc. ("Mammoet"). The Motion has been fully briefed.[1] Having reviewed the full record in this case and having applied the governing legal authorities, the Court **denies** Defendant's Motion and allows a jury trial in this case.

## **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was injured in the course of his employment with Infinity Construction Services, LP ("Infinity") while working at a chemical facility. Plaintiff alleges that the crane operator, an employee of Mammoet, failed to control the load on the crane.

---

[1]    Plaintiff Jesse Castaneda filed a Response [Doc. # 32] asking the Court to exercise its discretion pursuant to Rule 39 of the Federal Rules of Civil Procedure to permit a jury trial. Defendant filed a "Response to Plaintiff's Motion for Jury Trial" [Doc. # 33], Plaintiff filed a "Reply to Defendant's Response [to] Plaintiff's Opposed Motion for Jury Demand" [Doc. # 34], and Defendant filed a Sur-Reply to Plaintiff's Reply [Doc. # 35].

Plaintiff alleges that, as a result of the crane operator's negligence, the load fell on Plaintiff, breaking his hip. Plaintiff sued Defendant in the Galveston Division of the United States District Court for the Southern District of Texas on July 9, 2007. At that time, cases filed in the Galveston Division were assigned to the district judge sitting in that division.

Plaintiff did not demand a jury trial in his Complaint or within 10 days thereafter as required by Rule 38(b) of the Federal Rules of Civil Procedure. As of July 10, 2007, the case was being handled by District Judge John Rainey of the Victoria Division. The parties in their Joint Discovery/Case Management Plan [Doc. # 8] noted that no jury demand had been made. Based on that representation, Judge Rainey scheduled the case for a non-jury trial. *See* Scheduling Order [Doc. # 10].

On October 26, 2007, the case was transferred to the undersigned in connection with the reassignment of all Galveston Division cases. During this Court's status and scheduling conference with counsel, it was again represented that the case was non-jury and the Docket Control Order [Doc. # 17] so reflected.

On March 31, 2008, Plaintiff filed a Demand for a Jury Trial [Doc. # 28]. Defendant moved to strike the jury demand, noting that Plaintiff had already waived any right to a jury trial. The Motion is ripe for consideration.

## II.     APPLICABLE LEGAL PRINCIPLES AND ANALYSIS

"A party waives a jury trial unless its demand is properly served and filed." FED. R. CIV. P. 38(d).  The Court has discretion to order a jury trial in cases where a jury trial is not properly demanded but the issues are triable to a jury.  *See* FED. R. CIV. P. 39(b).  The Court should exercise its discretion in favor of a jury trial unless there are "strong and compelling reasons to the contrary."  *See Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).  A Court does not abuse its discretion by denying a Rule 39(b) motion where the failure to file a timely jury demand is the result of "mere inadvertence on the part of the moving party." *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985).  "The fact that it is not an abuse of discretion to deny a Rule 39(b) motion does not, however, mean that it should be denied." *Herkner v. Argo-Tech Corp. Costa Mesa*, 2007 WL 2274406, *1 (S.D. Tex. Aug. 8, 2007) (Rosenthal, J.).

In determining whether to allow a jury trial, the Court considers the following five factors:

   (1)   whether the case involves issues which are best tried to a jury;
   (2)   whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
   (3)   the degree of prejudice to the adverse party;
   (4)   the length of the delay in having requested a jury trial; and
   (5)   the reason for the movant's tardiness in requesting a jury trial.

*See Daniel*, 916 F.2d at 1064; *Herkner*, 2007 WL 2274406 at *1.

## III.   ANALYSIS

The Court has considered the five relevant factors and, based on that consideration, exercises its discretion in favor of a jury trial. The case involves claims of negligence causing personal injury. A primary fact issue is whether Plaintiff was using his mobile radio properly when he allegedly instructed the crane operator to "hold that" while the load was being raised. This and other fact issues depend on an evaluation of witness credibility and are particularly suited to resolution by a jury.

Granting Plaintiff's Rule 39(b) request for a jury trial would not disrupt the Court's schedule. Defendant concedes that trying this case to a jury would not disrupt the parties' schedule. This factor does not weigh against allowing a jury to decide this case.

Defendant asserts that converting the trial from non-jury to jury would cause it significant prejudice because Defendant has conducted discovery thus far based on the understanding that the case would be tried to the Court. Defendant does not explain, however, how its discovery strategy would have been different if a jury demand had been timely filed. The parties are not required to complete discovery until September 2008, giving Defendant an adequate opportunity to complete

discovery using any different strategy it believes is required by the Court's ruling on the jury issue.[2]

The case was filed in July 2007 and Plaintiff did not request a jury until March 2008. The demand for a jury was filed the same day, however, that Defendant filed a motion seeking leave to designate Plaintiff's employer as a responsible third party pursuant to Texas law. The timing of Plaintiff's request for a jury does not weigh against granting Rule 39(b) relief.

The fifth factor, the reason for the movant's tardiness in requesting a jury trial, weighs against Plaintiff. Plaintiff filed this lawsuit in the Galveston Division believing the case would be assigned to a favorable judge who would try the case before an advisory jury and later decide whether to accept that advisory jury's verdict. Having made the intentional, strategic decision not to demand a jury, Plaintiff now finds himself before a different judge. Although his reason for not making a timely jury demand weighs against Plaintiff, it does not alone lead the Court to exercise its discretion against ordering a jury in this case.

### IV.  **CONCLUSION AND ORDER**

Based on the foregoing, the Court exercises its discretion pursuant to Rule 39(b) to grant a jury trial in this case. Accordingly, it is hereby

---

[2] If Defendant needs to redepose a witness that has already been deposed, the Court will entertain a motion to require Plaintiff to bear the additional cost.

**ORDERED** that Defendant's Motion to Strike Plaintiff's Demand for a Jury Trial [Doc. # 31] is **DENIED** and this case will be tried to a jury.

SIGNED at Houston, Texas, this **9th** day of **April, 2008**.

_____
Nancy F. Atlas
United States District Judge